SILLER WILK LLP
675 Third Avenue
New York, New York 10017
(212) 421-2233
Eric J. Snyder, Esq. (ES 8032)
Counsel for the Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | |
| | Case No. 09-48184 (ESS) |
| LONG ISLAND COPYING & PRINTING, CORP., | |
| | Chapter 11 |
| Debtor. | |
| | |
| LONG ISLAND COPYING & PRINTING, CORP, | |
| | |
| Plaintiff, | Adv. Pro. No. |
| -against- | |
| | |
| SINGULUS TECHNOLOGIES AG and | |
| SINGULUS TECHNOLOGIES, INC., | |
| | |
| Defendants. | |

## COMPLAINT

Plaintiff, Long Island Copying & Printing, Corp., the Debtor herein ("LICP" or "Debtor"), by its counsel, Siller Wilk LLP, as and for its complaint against Singulus Technologies AG and Singulus Technologies, Inc. (collectively, "Singulus"), the defendants, alleges as follows:

## NATURE OF ACTION

1.      This action seeks: (i) to recover damages for Singulus's breach of both its express and implied contractual obligations to LICP in failing to sell to LICP spare parts necessary to maintain the operation of machines manufactured by Singulus (the

363598v1

"Systems"), which can only be repaired with spare parts from Singulus and which are vital to LICP's ability to conduct its business and (ii) to restrain Singulus from continuing to unilaterally prevent LICP from operating its business for the benefit of LICP's creditors.

## PARTIES

2.     The Debtor is a New York corporation with its principal place of business located at 999 Gould Street, New Hyde Park, NY 10040.

3.     Defendant Singulus Technologies AG is a German company whose principal place of business is located at Hanauer Landstrasse 103, Kahl am Main, Germany.  Defendant Singulus Technologies, Inc. is a corporate subsidiary of Singulus Technologies AG and conducts its North American sales.  Singulus Technologies, Inc.'s principal place of business is located at 429D Hayden Station Road, Windsor, Connecticut.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334.

5.     This action is a core proceeding under 28 U.S.C. § 157(b).

6.      Venue is proper as provided in 28 U.S.C. § 1409 because this proceeding arises and is related to Debtor's bankruptcy case pending in this district.

7.     The statutory predicates of the relief requested herein are 11 U.S.C. § 105(a), Fed. R. Bank. P. 7001 and 7065, and §§ 1-102 & 1-203 of New York Uniform Commercial Code.

8.     The Bankruptcy Court has personal jurisdiction over defendant Singulus Technologies AG because it has transacted business in the United States, through

2

Singulus Technologies, Inc., by contracting with the Debtor for the sale and service of numerous machines, including the Systems at issue; and (ii) it has transacted business and undertaken acts in Germany which have affected the Debtor in the United States, by manufacturing the machines at issue on which Debtor's business operations depend, and by refusing to allow the sale of spare parts necessary to continue Debtor's business operations, thereby damaging the Debtor, a New York corporation, and its estate.

9.      The exercise of personal jurisdiction by this Court over defendant Singulus Technologies AG also comports with traditional notions of fair play and substantial justice and is reasonable under the circumstances of this case.

## FACTUAL ALLEGATIONS

10.      LICP is an industry-leading provider of digital imaging, production and distribution services to a broad range of commercial clientele with diverse media and marketing needs, including business entities in the publishing, entertainment, event management, marketing, advertising, pharmaceutical and financial industries.

11.      Liquid Media, Inc. ("Liquid") is an affiliate of LICP, specializing in the duplication and replication of compact discs ("CDs") and digital video discs ("DVDs") for LICP's commercial clientele, as well as providing related services.

12.      Singulus, among other things, manufactures various machines used in the production, duplication, and replication of CDs and DVDs.

13.      On September 22, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter of Title 11, United States Code (the "Bankruptcy Code").

363598v1

14.     Subsequent to the Petition Date, the Debtor has been operating its business and managing it properties as a debtor-in-possession, under Sections 1107 and 1008 of the Bankruptcy Code.

The Contracts

15.     On April 29 and September 15, 2005, Liquid and the Debtor entered into three contracts (the "Contracts") with Singulus to purchase four Systems: i) a contract to purchase one new and one used automatic DVD manufacturing system from Singulus known as "Spaceline II" Systems; ii) a Contract for one automatic CD manufacturing system known as "Skyline I"; and iii) a Contract to purchase one automatic CD/DVD manufacturing system, known as the Skyline II Duplex".

16.     In addition, pursuant to a side letter appended to one of the Contracts, dated September 22, 2005 ("Side Letter"), the identity of the "Buyer" under the Contract was changed from Liquid to LICP.  ¶ 1.

17.     Therefore, LICP and Singulus are currently the counterparties in both the Contracts.

The Normal Operation and Maintenance of the Systems in the Debtor's Business

18.     According to the technical specifications of the Spaceline II Contract, an essential component of the Speceline II Systems is the "Process Control System" which works through a Windows-based computer and touch-screens to "create the user interface to control the machine."  § 2.11.  The two primary components of the Process Control System are the automation and the "visualization" systems.

19.     The "visualization software" which is what "permits operating the Systems in manual or automatic mode with access to all necessary machine parameters

363598v1

and data to process all DVD or CD formats." § 2.11.2. The automation system, in turn, "comprises all necessary processing needs of the DVD halves or CD between molding machine and output buffer." § 2.11.1. This software is also what allows for quality control of the process, through monitoring "of yield, trends, deviation, spacer thickness, etc. scanned by the quality inspection system." § 2.11.2.

20. In other words, the successful operation of the Spaceline II Systems requires the use of a computer running Singulus's proprietary software on its hard drive. Without such software, a user has no means of inputting commands into the System and the System ceases to function as a platform for the manufacture of DVDs.

21. Each of the Contracts provides for the servicing of the Systems after the sale, separate and apart from the warranty obligations imposed on Singulus as the seller and manufacturer of the Systems. Specifically, each of the Contracts provides that "*Singulus will take care of the after sales service like maintenance service and spare parts* bearing in mind that the [Systems] are used for production. For this purpose [Singulus] has available qualified service engineers, maintenance technicians and also a stock of spare parts and a repair shop." (emphasis added).

22. There is no provision for LICP to obtain spare parts from any other source.

23. In addition, as part of LICP's obligation, as the buyer, to keep secret the "technical information relating to the hardware, technical documentation and software" of the Systems, the Contracts explicitly mandate that LICP "is not allowed to copy the design and lay-out of the [Systems] *or material part of the systems* or to commission suppliers with such copying."

24.     Thus, the Contracts effectively provide for repairs using only Singulus-provided parts, and may even require such parts to be installed by Singulus-approved technicians, whether the repair is needed during the warranty period or thereafter.

25.     Indeed, LICP cannot obtain the proper hard drives with the necessary software from any source other than Singulus.

The Disruption of LICP's Business

26.     However, subsequent to the Petition Date, the hard drives of the computers used in both the new and the used Spaceline II Systems and the Computer of the Skyline Duplex and containing Singulus's proprietary software failed, rendering the Systems non-operational.  Since then, LICP has had no ability to manufacture DVDs pursuant to its clients' needs and a major area of its business operations is completely shut down.  LICP has no means of operating the Systems until new Singulus hard drives containing the Singulus software are installed in each machine.

Singulus's Refusal to Act in Good Faith to Allow LICP to Restore its Business

27.     As soon as the Systems stopped working, LICP contacted Singulus and informed them they needed to purchase the necessary software COD.

28.     Singulus refused to sell the software, or any other necessary equipment or supplies to LICP in order to operate the Systems. LICP then directed its bankruptcy counsel to request from counsel for Singulus the parts in question.  Such counsel received an email in response informing him that Singulus had "declined" the offer to purchase the software.

363598v1

29.     Any and all attempts by LICP to find alternative vendors for these components, as well as other components and supplies necessary for the effective operation of the Systems have failed.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

30.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 herein.

31.     As set forth above, Singulus entered into the Contracts with LICP.

32.     These Contracts include an obligation on the part of Singulus to provide after-sales "maintenance service and spare parts" as needed to keep the Systems in working order.

33.     Such spare parts cannot, in fact, be purchased from any source other than Singulus.

34.     However, Singulus has wrongfully refused to sell to LICP the hard drives containing the Singulus proprietary software necessary to restore the Systems to operation after the existing hard drives in these Systems failed in September 2009 and has also refused to sell to LICP the parts and supplies necessary to maintain the Systems, all as required under the Contracts.

35.     As a result of this violation of the Contracts, the Systems cannot be used and LICP has been left without any ability to conduct the DVD duplication and replication business sought by its commercial clientele, eliminating an entire stream of income that would otherwise be generated for the benefit of LICP's creditors.  LICP has been damaged in an amount to be determined at trial.

363598v1

36.     Accordingly, Defendants are liable to Plaintiff for breach of contract in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Breach of Duty of Good Faith)

37.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 36 herein.

38.     As set forth above, Singulus entered into the Contracts with LICP for the purchase of the Systems manufactured by Singulus, with all necessary associated equipment.

39.     These Contracts, like all contracts subject to the N.Y. U.C.C., or New York contracts law generally, include a duty of good faith and fair dealing binding Singulus at all times in its contractual relationship with LICP.

40.     Singulus has refused to sell to LICP the hard drives containing the Singulus proprietary software necessary to restore the Systems to operation.

41.     As a result of this violation of good faith under the Contracts and the Security Agreement, the Systems cannot be used and LICP has been left without any ability to conduct the DVD duplication and replication business sought by its commercial clientele, eliminating an entire stream of income that would otherwise be generated for the benefit of LICP's creditors.

42.     Accordingly, Defendants are liable to Plaintiff for breach of the implied duty of good faith and fair dealing.

43.     LICP has been damaged in an amount to be determined at trial.

363598v1

## THIRD CAUSE OF ACTION
### (Right to Injunctive Relief)

44.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 43 herein.

45.     The Plaintiff is likely to be successful in obtaining a judgment against Defendants for breach of contract and breach of the implied duty of good faith and fair dealing.

46.     The Debtor and its creditors will be irreparably harmed if Defendants are not temporarily and preliminarily enjoined from refusing to sell the hard drives, software and all items necessary to operate the Systems to generate income for the benefit of the Debtor's creditors.

47.     The balance of equities clearly favor injunctive relief here, as Debtor cannot presently operate an entire line business, while Defendants would merely be compelled to sell components at a profit as they do on a daily basis with innumerable buyers other than Debtor.

48.     As a result, pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7065, Defendants, by and through their employees, subsidiaries or otherwise, should be restrained from refusing to sell the necessary components to LICP, pending the disposition of this proceeding.

### Relief Requested

For all of the foregoing reasons, it is respectfully requested that an order be entered as to Defendants:

A.     On the first cause of action, for breach of contract, for compensatory and consequential damages in an amount to be determined at trial;

363598v1

B.	On the second cause of action, for breach of the implied duty of good faith and fair dealing, for compensatory and consequential damages in an amount to be determined at trial;

C.	On the third cause of action, Plaintiff's entitlement to injunctive relief, restraining Defendants from refusing to sell to Plaintiff the hard drives, software and any other equipment or supplies necessary to operate the Systems to generate income for the benefit of the Debtor's creditors, pending the disposition of this proceeding, pursuant to Bankruptcy Rule 7065;

D.	Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees to the full extent allowable under applicable law;

E.	Awarding interest allowable under applicable law;

F.	Awarding punitive damages, to the extent allowable under applicable law; and

G.	For such other and further relief as this Court deems just and proper.

Dated: New York, New York
     November 16, 2009

              SILLER WILK LLP
              Counsel for the Debtor

              By:___/s/ Eric J. Snyder_____
                  Eric J. Snyder (ES-8032)
                  675 Third Avenue
                  New York, New York 10017
                  (212) 421-2233

363598v1