UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                  :
                                                        :
LONG ISLAND COPYING & PRINTING   :
CORP.,                                                   :
                                                        :          Case No. 09-48184 (ess)
                                                        :
            Debtor                                      :
-------------------------------------------------------x
LONG ISLAND COPYING & PRINTING   :
CORP.,                                                   :
                                                        :          Adv. Pro. No. 09-01425 (ess)
                                                        :
            Plaintiff,                                  :
                                                        :
      -    against -                                    :
                                                        :
SINGULUS TECHNOLOGIES AG and      :
SINGULUS TECHNOLOGIES, INC.,        :
                                                        :
            Defendants.                                 :
-------------------------------------------------------x

## <u>SETTLEMENT AGREEMENT</u>

WHEREAS, on or about September 22, 2009 (the "<u>Filing Date</u>"), Long Island

Copying & Printing Corp. (the "<u>Plaintiff</u>") filed  for relief under Chapter 11 of Title 11,

United State Code in the United States Bankruptcy Court for the Eastern District of New

York (the "<u>Court</u>");

WHEREAS, the Plaintiff filed that certain Complaint dated November 16, 2009

(the "<u>Complaint</u>") commencing the instant adversary proceeding (the "<u>Adversary</u>

<u>Proceeding</u>") against Singulus Technologies AG ("<u>Singulus</u>") and Singulus

Technologies, Inc. ("<u>Singulus Technologies</u>" and together with Singulus, the

"<u>Defendants</u>") seeking damages and injunctive relief.  As part of the Adversary

Proceeding, the Plaintiff filed an order to show cause (the "Order to Show Cause") with the Court seeking the injunctive relief on an expedited and provisional basis;

WHEREAS, the Defendants dispute that they have any obligation to sell parts or provide services to the Plaintiff and further dispute any entitlement the Plaintiff may have to pursue a damage claim or injunctive relief against the Defendants, whether pursuant to the Complaint or otherwise; and

WHEREAS, the parties are desirous of resolving the injunctive relief component of the Complaint without resort to further litigation and without admission of any fault or liability and, as a result of negotiations, Plaintiff and Defendants have agreed to settle the injunctive relief component of the Adversary Proceeding.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1.       Plaintiff hereby withdraws its Order to Show Cause and withdraws the third cause of action of the Complaint, with prejudice.

2.       Singulus Technologies hereby agrees to sell, upon its usual and customary terms and conditions, to Plaintiff, following the execution by Plaintiff and Court approval of this Settlement Agreement, all spare parts and service necessary for the after sale service of the Spaceline II Systems, the Skyline I, and the Skyline II Duplex identified in Parapgraph 15 of the Complaint during the pendency of Plaintiff's case under Chapter 11 of Title 11 of the United States Code, including those parts listed on the Spare Part List annexed hereto as *Exhibit A*; provided, however, that Singulus Technologies' foregoing agreement to sell the spare parts and the service is expressly conditioned upon (a) the Plaintiff remitting to Singulus Technologies full payment for

such spare parts, together with any taxes, duties, and shipping costs, either prior to shipment, via wire transfer of immediately available federal funds to an account designated by Singulus Technologies, or upon C.O.D. delivery, via bank check payable to Singulus Technologies; and (b) the Plaintiff remitting to Singulus Technologies full payment for such sercice, together with any taxes, duties and shipping costs, prior to performance of such service, either via wire transfer of immediately available federal funds to an account designated by Singulus Technologies or via bank check payable to Singulus Technologies.  In no event shall Singulus Technologies have any liability if a spare part is backordered or unavailable.

3.   Nothing herein shall be deemed or construed as to waive, set aside, discharge, settle, compromise or release any claims, causes of action, counterclaims, defenses, rights or remedies that any party has, had or may have pursuant or relating to the allegations in the Complaint or the three contracts attached as Exhibits A, B and C to the Complaint, including, without limitation, the Defendants' rights to compel arbitration or litigation in Germany pursuant to the aforesaid three contracts (and Plaintiff's right to oppose such request) and the Defendants' rights to move to dismiss the Complaint for lack of jurisdiction (and Plaintiff's right to oppose such dismissal).  Nor shall (a) this Settlement Agreement or its terms be admissible as evidence with respect to the claims made in the Complaint or in any subsequent arbitration or litigation, or (b) anything in this Settlement Agreement be deemed or construed as an admission of liability by any party to this Settlement Agreement.  It is the express intent of the parties that the terms of this settlement be limited solely to the claim for injunctive relief  made in the third cause of action of the Complaint.

4.          The Defendants' time to appear, move to compel arbitration, move to dismiss for lack of jurisdiction, answer or otherwise move with respect to the Complaint is hereby expressly extended until February 26, 2010.

5.          Each party signing this Settlement Agreement hereby covenants and warrants to the other party that he or she is fully authorized to sign the Settlement Agreement on behalf of the party or parties he or she represents and is fully authorized to bind the party to all of the terms of this Settlement Agreement.

6.          This Settlement Agreement constitutes the entire agreement between the parties concerning their settlement of the claim for injunctive relief made in the third cause of action of the Complaint and the matters set forth herein.

7.          This Settlement Agreement may not be modified or amended except by a writing signed by each of the parties hereto.

8.          This Settlement Agreement may be executed in multiple counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument.   Transmission by telecopier, facsimile or other form of electronic transmission of an executed counterpart of this Settlement Agreement shall be deemed to constitute due and sufficient delivery of such counterpart.  Each fully executed counterpart of this Settlement Agreement shall be deemed to be a duplicate original.

9.          If this Settlement Agreement is not approved by the Court, it shall be deemed null and void ab initio and shall not be referred to or used for any purpose by the Plaintiff or Defendants.

[The next page is the signature page.]

Dated: December 9, 2009

   /s/ Eric J. Snyder
Eric J. Snyder
Siller Wilk LLP
Attorneys for Plaintiff
675 Third Avenue
New York, New York 10017
Phone: (212) 421-2233
Facsimile: (212) 752-6380

Dated:  December 9, 2009

   /s/ Marc L. Hamroff
Marc L. Hamroff
Moritt Hock Hamroff & Horowitz LLP
Attorneys for Defendants
400 Garden City Plaza
Garden City, NY  11530
Phone (516) 873-2000
Facsimile (516) 873-2010
mhamroff@moritthock.com

SO ORDERED ON THIS ***12th*** DAY
OF ***December***, 2009

***s/ Elizabeth S. Stong***
HONORABLE ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE

F:\Long Island Copy & Printing Corp. Ch. 11 Joint Rep\docs\Singulus Agreement.4.DOC

<u>EXHIBIT A</u>

1.    Siemens Card, Part # 31101629-001
       1 pc.
       Note: Included in item 8 below

2.    Grease pump (gun) filled with grease for Servo Take-Out Only,
       Part # 32360483-000, Grease - Kluberplex BEM34-132
       4 pcs.

3.    Gripper – SPN – Base Element, Part # 32103237-001
       2 pcs.

4.    Grease for Gear Box HS1, HS2, Part # 39100873-000,
       Grease Kluber Isoflex Tobas, NB 5051 400 gram
       4 pcs.

5.    AC Servo Motor for Spin Bowl/Skyline, Part # 31100898-000
       1 pcs.

6.    Battery ER6C (AA) 3.6V Maxell AA for Siemens Box pc.,
       Part # 31102094-000
       6 pcs.

7.    Exchange PC 733Mhz w/software, Skyline 32 Bit,
       Part # 39850231-000
       1 pcs.
       Note:  Requires re-use of existing MPI card and dongle from existing PC.

8.    Exchange PC, Siemens Box 620 complete w/software for SPL II,
       Part 39850201-000
       1 pc.
       Note:  Requires return of existing PC to Singulus office via exchange process.